IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HAROLD BURGESS, on Behalf of )
Himself and Other Similarly )
Situated, )
)
                      Plaintiffs, )    Case No: CIV-13-1171-C
v. )
)
ARCHER PRESSURE PUMPING )
LLC & GREAT WHITE )
PRESSURE PUMPING LLC, )
)
                      Defendants. )

## DEFENDANTS' ORIGINAL ANSWER

Defendants Archer Pressure Pumping LLC ("Archer") and Great White Pressure Pumping LLC[1] ("Great White") (collectively, "Defendants") file this Answer to Plaintiff's Complaint. Defendants deny all allegations in the Complaint that are not specifically admitted below. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint.

### SUMMARY

1. Defendants admit that Plaintiff was classified as exempt and was not paid overtime for hours worked in excess of 40 in a week. Defendants deny any and all remaining allegations in this paragraph (including the footnote).

2. Defendants object that this paragraph states legal conclusions and Plaintiff's description of this action as a putative collective action, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to

---

[1] Great White's name was changed to Archer Pressure Pumping LLC on January 23, 2012.

1

and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses and deny that any class or collective action treatment is appropriate.

## JURISDICTION AND VENUE

3. Defendants do not dispute this Court's jurisdiction over this matter at this time.

4. Defendants do not dispute that venue of this action is proper in this Court at this time.

## PARTIES

5. Defendants admit that Plaintiff is a former employee of Archer, which was formerly known as Great White, and that he was employed as a Field Engineer. Defendants admit that Plaintiff's written consent was attached to the Complaint. Defendants deny any and all remaining allegations in this paragraph.

6. The first sentence of this paragraph contains Plaintiff's definition of a proposed class. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate and otherwise refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses. Defendants admit that Plaintiff was paid a salary and not paid overtime. Defendants deny any and all remaining allegations in this paragraph.

7. Defendants admit that Archer is a limited liability company and that Plaintiff has accurately alleged Archer's registered agent for service of process. Defendants deny the allegations regarding Archer's headquarters.

8.  Defendants deny all allegations in this paragraph.

9.  The last sentence of this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent further response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses. Defendants deny any and all remaining allegations in this paragraph.

## FACTS

1.  Defendants admit that Archer is an oilfield service provider and performs some or all of the particular services alleged in this paragraph. Defendants deny any and all remaining allegations in this paragraph.

2.  Defendants admit that their gross revenues have exceeded $500,000 in each of the past three years and that their employees handle materials that have moved in interstate commerce.

3.  Defendants admit that Burgess was employed by Great White in 2011, worked as a Field Engineer and also participated in a training program. Defendants deny any and all remaining allegations in this paragraph.

4.  Defendants admit that they had a training program and that Plaintiff participated in the training program and that individuals in the training program learned techniques, procedures and standards. Defendants deny any and all remaining allegations in this paragraph.

5. Defendants admit that individuals in the training program learned some or all of the items listed in this paragraph. Defendants deny any and all remaining allegations in this paragraph.

6. Defendants admit that an advanced degree was not required for the training program.

7. Defendants admit that there are records of workweeks in which Plaintiff worked. Defendants deny any and all remaining allegations in this paragraph.

8. Defendants admit that individuals in the training program were paid a salary and that it no longer has a training program. Defendants deny any and all remaining allegations in this paragraph (including the footnote).

9. Defendants admit that they have employed individuals, including Plaintiff, as Field Engineers. Defendants deny any and all remaining allegations in this paragraph.

10. Defendants admit that Field Engineers perform some or all of the items listed in this paragraph. Defendants deny any and all remaining allegations in this paragraph.

11. Defendants admit that Field Engineers travel to locations. Defendants deny any and all remaining allegations in this paragraph.

12. Defendants admit that Field Engineers follow Archer's procedures. Defendants deny any and all remaining allegations in this paragraph.

13. Defendants deny all allegations in this paragraph.

14. Defendants admit that an engineering degree is not required to be a Field Engineer. Defendants deny any and all remaining allegations in this paragraph.

15. Defendants deny all allegations in this paragraph.

16. Defendants admit that Field Engineers are paid a salary. Defendants deny any and all remaining allegations in this paragraph.

17. Defendants deny all allegations in this paragraph.

18. Defendants deny the allegations in the first sentence of this paragraph. Defendants object that the remainder of this paragraph states legal conclusions, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

19. Defendants deny all allegations in this paragraph.

## COLLECTIVE ALLEGATIONS

20. Defendants deny all allegations in this paragraph.

21. Defendants deny all allegations in this paragraph.

22. Defendants deny all allegations in this paragraph.

23. Defendants deny all allegations in this paragraph.

## CAUSE OF ACTION

24. Defendants deny all allegations in this paragraph.

25. Defendants deny all allegations in this paragraph.

26. Defendants deny all allegations in this paragraph.

27. Defendants deny all allegations in this paragraph.

28. Defendants deny all allegations in this paragraph.

## PRAYER

1. This paragraph contains legal conclusions and requests for relief to which no response is required. Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

2. This paragraph contains legal conclusions and requests for relief to which no response is required. Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

3. This paragraph contains legal conclusions and requests for relief to which no response is required. Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

4. This paragraph contains legal conclusions and requests for relief to which no response is required. Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

2. Neither Plaintiff nor any members of the proposed putative class are similarly situated and class or collective action treatment is improper, and further would violate Defendants' due process rights. Plaintiff cannot meet the prerequisites for collective or class certification, including conditional certification. Plaintiff is not a proper class representative and lacks standing. Certification and/or notice to a potential class would be improper.

3. With respect to Plaintiff and some or all potential class members, and depending on the scope of the putative class, Defendants acted in good faith, with the reasonable belief that they complied with the law. Moreover, Defendants did not willfully deprive Plaintiff or some or all potential class members of any due compensation.

4. Subject to further discovery, Defendants have acted in good faith and in reliance on a regulation, ruling, approval and/or interpretation of the Department of Labor.

5. Depending on the scope of the putative class, Plaintiff and some or all potential class members were paid all compensation to which they were entitled under the FLSA.

6. Depending on the scope of the putative class, claims of Plaintiff and some or all potential class members are barred by limitations.

7. Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

8. Depending on the scope of the putative class, Plaintiff and some or all of the potential class members are not entitled to liquidated damages.

9. Depending on the scope of the putative class, as to Plaintiff and some or all potential class members, the amount of any unpaid overtime was de minimis.

10. Plaintiff's damages, if any, are limited or capped in accordance with applicable law.

11. Neither Plaintiff nor any potential class member is entitled to any declaratory or injunctive relief.

12. Depending on the scope of Plaintiff's putative class, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

Defendants reserve the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. Defendants preserve and do not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable.

Respectfully submitted,

/s/ Courtney K. Warmington
Courtney K. Warmington
CROWE & DUNLEVY
20 North Broadway, Suite 1800
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 272-6651 (Facsilimile)
courtney.warmington@crowedunlevy.com

Michael J. Muskat
Gabrielle S. Moses
*(pro hac vice pending)*
MUSKAT, MARTINEZ & MAHONY, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
(713) 987-7850
(713) 987-7854 (Facsimile)
mmuskat@m3law.com
gmoses@m3law.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 22, 2013, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| Kevin S. Locke<br>Taylor Lucas Locke & Corbin<br>1132 N. Broadway<br>Oklahoma City, OK 73103<br>Kevin.locke@taylorlucas.com | Richard J. Burch<br>Bruckner Burch PLLC<br>8 Greenway Plaza, Suite 1500<br>Houston, TX 77046<br>rburch@brucknerburch.com |
|---|---|

s/Courtney Warmington
_____
COURTNEY WARMINGTON